UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ASHANTI CHEREE-COMBSEZ,

       Plaintiff,                        Case No. 3:25-cv-282

vs.

ENGLEWOOD HEALTH                    District Judge Michael J. Newman
& REHABILITATION, *et al.*,        Magistrate Judge Peter B. Silvain, Jr.

       Defendants.

---

### ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' JOINT MOTION TO DISMISS (Doc. No. 6)

---

This is an employment discrimination case.  Plaintiff Ashanti Cheree-Combsez brings this case *pro se* against her former employer, Defendant Englewood Health & Rehabilitation, and its Director of Human Resources, Defendant Colleen Gardner.  Doc. No. 1.  Her complaint asserts racial discrimination in violation Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*;[1] disability discrimination in violation of the Americans with Disabilities  Act  (ADA),  42 U.S.C. § 12101, *et seq.*; and multiple state-law claims.  *Id.* at PageID 4-7.  This case is before the Court on Defendants' joint Fed. R. Civ. P. 12(b)(6) motion to dismiss.  Doc. No. 6.  In response to the motion, Plaintiff filed a memorandum in opposition (Doc. No. 8) and Defendants replied (Doc. No. 12).  Thus, the motion is ripe for review.

---

[1] Plaintiff asserts jurisdiction under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.  See* Doc. No. 1 at PageID 2.  The Court liberally construes Plaintiff's racial discrimination claim in her favor as a Title VII racial discrimination claim.  *See id.* at PageID 4-5; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).

**I.**

At the motion to dismiss stage, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quotation omitted). The Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756, 758 (6th Cir. 2020) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Winget*, 510 F.3d at 582–83 (citation omitted) (quotation omitted).

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Additionally, the Court accepts a *pro se* plaintiff's allegations as true and "construe[s] filings by *pro se* litigants liberally." *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)). However, while *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by

2

lawyers," *Erickson*, 551 U.S. at 94, *pro se* petitioners must still satisfy basic pleading requirements. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Rule 12(b)(6), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

## II.

Having carefully and thoroughly considered the pleadings and briefing in support of, and in opposition to, Defendants' motion, along with the procedural posture of this case, the efficient and appropriate way forward is to permit discovery to occur and consider the parties' arguments on summary judgment, not earlier at the motion-to-dismiss phase of litigation. *See, e.g.*, *Meriwether v. Hartop*, 992 F.3d 492, 514 (6th Cir. 2021). Proceeding in this manner will ensure that the Court reviews these arguments only after appropriate discovery has been completed and will guarantee that the Court's consideration of the parties' arguments is not premature. *Id.*; *cf. Humphreys v. Bank of Am.*, 557 F. App'x 416, 422 (6th Cir. 2014); *Grose v. Caruso*, 284 F. App'x 279, 284 (6th Cir. 2008) (Gibbons, J., concurring); *Nuchols v. Berrong*, 141 F. App'x 451, 453 (6th Cir. 2005); *LRL Prop. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1113 (6th Cir. 1995) (Jones, J., dissenting).

## III.

Accordingly, Defendants' joint motion to dismiss (Doc. No. 6) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

April 20, 2026                    s/*Michael J. Newman*
                                 Hon. Michael J. Newman
                                 United States District Judge

3